IN THE UNITED STATES DISTRICT COURT
		FOR THE NORTHERN DISTRICT OF ILLINOIS
		         EASTERN DIVISION

JOHNNY ORTEGA, et al.,         )
                               )
            Plaintiffs,        )
                               )
    v.                         )   No. 06 C 5117
                               )
CITY OF CHICAGO, et al.,       )
                               )
            Defendants.        )

                    MEMORANDUM ORDER

	Defendant police officers in this 42 U.S.C. §1983 ("Section 1983") action have filed an Answer, coupled with affirmative defenses ("ADs") and Fed. R. Civ. P. ("Rule") 12(b)(6) defenses, to the Complaint brought against them and the City of Chicago by Johnny Ortega and Irwin Manotas. This memorandum order is issued sua sponte to address a few problematic aspects of that responsive pleading.

	To begin with, defense counsel has failed to conform to the disclaimer required by the second sentence of Rule 8(b) in Answer ¶¶1, 2, 6 and 11. In that respect, see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

	All other questionable aspects of the pleading relate to its ADs--on that score, see App. ¶5 to <u>State Farm</u> as well as the provisions of Rule 8(c) and the caselaw applying it. Here are the problems:

		1. AD 2 is stricken because the conduct alleged in the

Complaint (which must be accepted as true for AD purposes) cannot fairly be labeled as "a discretionary decision."

2. AD 3 is also stricken because Complaint ¶¶34 and 40 expressly charge defendants with wilful and wanton conduct, while any fair reading of Complaint ¶¶9, 13, 14, 21, 22, 27-31 and 39--read, as required, with all favorable pro-plaintiff inferences--carry the same connotation.

3. ADs 4 and 5 are stricken because they too are at odds with the Complaint's allegations.

4. AD 6 is stricken as well, because the Complaint charges each defendant based on his or her alleged personal involvement, not on the basis of actions or omissions by others.

5. AD 8 is questionable at a minimum. If defendants really want to assert a failure to mitigate damages, they must explain how that fits into this case by fleshing out the contention.

To spare defense counsel the need to file a full self-contained Amended Answer, he will be required to file only a brief amendment that corrects Answer ¶¶1, 2, 6 and 11. That is ordered to be done on or before December 8, 2006.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 29, 2006